NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DI WANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72854

Agency No. A205-800-959

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2022
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Petitioner Di Wang, a native and citizen of the People's Republic of China,

seeks asylum, withholding of removal, and relief under the Convention Against

Torture for herself and her husband because, she asserts, she was forced to undergo

an abortion in 2004 due to China's family planning policies. After an asylum

interview, U.S. Citizenship and Immigration Services issued a Notice of Intent to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Deny ("NOID") concluding Wang was not entitled to relief because her account of the forced abortion had too many similarities to other abortion-based claims to be credible. The Immigration Judge ("IJ") found that Wang's testimony lacked credibility due in part to inter-proceeding similarities. The Board of Immigration Appeals ("BIA") dismissed Wang's appeal, finding no clear error in the IJ's inter-proceeding similarities finding. The agency also based its adverse credibility determination in part on Wang's omission of certain details from her written declaration and her response to being confronted about one of those omissions. Wang timely filed a petition for review. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand.

The agency's analysis of the alleged similarities between Wang's application and other, unrelated applications was governed by *Matter of R-K-K-*, 26 I. & N. Dec. 658 (B.I.A. 2015). In *Matter of R-K-K-*, the BIA set forth a three-step process that IJs are required to follow when basing an adverse credibility determination on inter-proceeding similarities:

> First, the Immigration Judge should give the applicant meaningful notice of the similarities that are considered to be significant. Second, the Immigration Judge should give the applicant a reasonable opportunity to explain the similarities. Finally, the Immigration Judge should consider the totality of the circumstances in making a credibility determination.

26 I. & N. Dec. at 661. "Each of these steps must be done on the record in a manner that will allow the [BIA] and any reviewing court to ensure that the

procedures have been followed." *Id.*

Wang argues that the agency did not provide "meaningful notice of the similarities" and thus failed to comply with *Matter of R-K-K-*. For the following reasons, we agree.

According to *Matter of R-K-K-*, to provide meaningful notice, "the Immigration Judge should identify the similarities between the documents or other evidence under consideration and notify the applicant of the similarities that need to be explained." *Id.* The IJ "should provide the applicant with copies of the statements or documents in question and explain how the similarities appear to undermine the applicant's credibility." *Id.* The IJ is required to identify "all the similarities clearly on the record" to "make it easier for the [IJ] to ascertain the extent and nature of similarities in the case" and to "facilitate any appellate review of the credibility finding." *Id.* The copies of the statements or documents must be provided in a manner consistent with the agency's duty to protect other applicants' confidentiality. *Id.* at 661 n.3; *see also id.* at 663 n.4 (noting that the agency complied with confidentiality requirements by obtaining a confidentiality waiver and declining to "address what procedural protections are sufficient to offer an adequate opportunity to explain similarities between asylum applications absent a confidentiality waiver").

The agency failed to adhere to *Matter of R-K-K-* in two respects in these

proceedings. First, the IJ did not identify the similarities that he considered significant. The record indicates that the IJ never identified to Wang any specific information about the similarities reported in the NOID or explained how the similarities appeared to undermine her credibility. Although Wang was made aware of the NOID and had an opportunity to respond to the similarities identified in it, the IJ did not explain on the record that inter-proceeding similarities might undermine her credibility, which similarities he was concerned with, or why.

The IJ thus did not "identify the similarities between the documents or other evidence under consideration and notify the applicant of the similarities that need[ed] to be explained" "on the record in a manner that [would] allow the Board and any reviewing court to ensure" this step had been followed. 26 I. & N. Dec. at 661. Although the IJ analyzed the similarities identified in the NOID in greater depth in his written decision, this did not provide meaningful notice to Wang or give her a reasonable opportunity to respond before the IJ rendered his decision. *See id.* at 661–62.

Second, the record does not reflect that the IJ provided Wang with "copies of the statements or documents in question." *Id.* at 661. The only document on which the agency relied in reaching the inter-proceeding similarities determination was the NOID. The NOID contains a small number of excerpts from other applications, but the NOID itself is not a copy of the statements or documents in

4

question, and the excerpts were devoid of any context or other information that would allow Wang to meaningfully respond, such as the translator's identity, the surrounding text, or when the similar statements were made. *See id.* at 661–62.

Wang's notice of the inter-proceedings similarities thus amounted only to the excerpts contained in the NOID, without context or information that would allow her to meaningfully respond, and without the benefit of the IJ's views on the similarities or the extent to which they could undermine her credibility. *Id.* Accordingly, although Wang received the NOID and had some opportunity to respond to the allegations of similarity contained within it, the IJ did not apply *Matter of R-K-K-*'s meaningful notice requirement "properly" or "reasonably" in this case. *Route v. Garland*, 996 F.3d 968, 981 (9th Cir. 2021). Because the agency failed to follow its own precedent, we grant the petition and remand for further proceedings. *See Zhao v. Holder*, 728 F.3d 1144, 1148, 1151 (9th Cir. 2013); *see also INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam) (observing that ordinarily the proper course is to "remand to the agency for additional investigation or explanation" (internal quotation marks omitted)).

We leave it to the BIA to determine precisely what must be done to comply with *Matter of R-K-K-*'s meaningful notice requirements in these proceedings, and hold only that the record before us demonstrates that the IJ failed to do so here. On remand, the agency may reassess whether inter-proceeding similarities undermine

Wang's credibility, provided that it complies with the three-part framework of *Matter of R-K-K-*.[1]

**PETITION GRANTED and REMANDED.**

---

[1] We do not reach Petitioner's arguments challenging the remaining bases for the agency's adverse credibility determination. The agency must decide, in the first instance, whether a properly conducted inter-proceeding similarities determination, alongside other evidence in the record under the totality of the circumstances, supports a finding that Wang's testimony lacks credibility.